UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

JACOB BRANNON                                                                  PLAINTIFF

v.                                     CIVIL ACTION NO. 5:21-CV-P138-TBR

BENJI GUILL et al.                                       DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Jacob Brannon filed a *pro se, in forma pauperis* 42 U.S.C. § 1983 civil-rights action. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

**I. STATEMENT OF CLAIMS**

Plaintiff, a pretrial detainee at the Christian County Jail (CCJ), names as Defendants in their individual and official capacities the following CCJ employees: Captains Davy Burd and Kris Collins; and Sergeants Peter Sherm and Kathy Joiner. He also sues Benji Guill, now the Livingston County Jailer but a CCJ employee at the pertinent time, in both capacities.

Plaintiff first claims that on August 19, 2021, he was prescribed Permethrin cream to treat scabies. He states that "Medical" told him to wash it off between 12-14 hours later. He states that he applied the cream at approximately 9:00 am on August 22, 2021, but that "at or around 9:00 p.m. I was not permitted to take a shower." He alleges that at approximately 11:00 p.m. he informed Defendant Joiner that he "needed to shower (according to Medical)" but was denied and not given a shower until approximately 12:30 a.m. on August 23, 2021, *i.e.*, 15 and one-half hours after the cream was applied. He alleges that by not being allowed to shower at the

appropriate time, Defendants Joiner and Guill violated his Fourth and Eighth Amendment rights, as well as his Fourteenth Amendment right to equal protection.

Plaintiff's second claim alleges that on August 27, 2021, Defendant Collins made him a trustee as a conflict resolution related to his first claim. He states that on August 30, he filed a grievance about the manner in which Defendant Sherm addressed and slandered him. He states that he was then terminated from the trustee position by Defendant Burd. He alleges that Defendant Burd and Guill violated his Fourteenth Amendment right to equal protection and his Eighth Amendment right to be free from cruel and unusual punishment. He also alleges that "due to the manner in which I was addressed and slandered," Defendant Sherm and Guill violated his right to be free from cruel and unusual punishment.

As relief, Plaintiff requests a transfer to a different jail, punitive damages, and to be seen by a dermatologist.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint

must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Fourth Amendment claim

Plaintiff alleges that by not being allowed to shower at the appropriate time his Fourth Amendment "right to be secured in their person and houses" was violated.

The Fourth Amendment provides, in pertinent part: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. Const. amend. IV. Plaintiff does not explain how being delayed in taking a shower to wash off scabies cream violates the Fourth Amendment's protection against unreasonable searches and seizures. Plaintiff fails to allege the existence of any search or seizure, and, therefore, fails to state a Fourth Amendment claim upon which relief may be granted.

### *B. Eighth Amendment claims*

The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. Although the Eighth Amendment "does not apply to pretrial detainees like [Plaintiff]," *Greene v. Crawford Cty., Mich.*, 22 F.4th 593, 605 (6th Cir. 2022), pretrial detainees are due the same or greater protections under the Fourteenth Amendment. *See id*. at 605-07. Plaintiff's Eighth Amendment claims will be dismissed for failure to state a claim upon which relief may be granted.

### *C. Fourteenth Amendment claim related to not showering within 14 hours*

Because Plaintiff is a pretrial detainee, the Court construes his claim against Defendants Joiner and Guill related to alleged inadequate medical treatment in denying him a shower at the appropriate time as being brought under the Fourteenth Amendment. Specifically, according to the complaint, Plaintiff was allowed to shower one and one-half hours later than the 12-14 hour time period after the cream was applied as "Medical" had instructed.

The standard for inadequate-medical-care claims brought by pretrial detainees under the Fourteenth Amendment has been in flux in the Sixth Circuit. In *Greene v. Crawford Cty.*, the Sixth Circuit summarized the developing case law as follows:

> Until recently, this Court "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). The Eighth-Amendment framework for deliberate indifference claims has an objective and a subjective component. *Griffith v. Franklin Cty.*, 975 F.3d 554, 567 (6th Cir. 2020); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the [Constitution]." *Griffith*, 975 F.3d at 567 (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). The subjective component requires a plaintiff to show that "each defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk by failing to take reasonable measures to abate it." *Id*. at 568 (quoting *Rhinehart*, 894 F.3d at 738). This is a high standard of culpability, "equivalent to criminal recklessness." *Id*.

4

> This court's opinion in *Brawner* changed things. In that case . . . the plaintiff argued that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), "eliminate[d] the subjective element of a pretrial detainee's deliberate-indifference claim." *Brawner*, 14 F.4th at 591.
>
> …
>
> The majority opinion concluded that *Kingsley* [] required "modification of the subjective prong of the deliberate-indifference test for pretrial detainees." *Id*. at 596.
>
> …
>
> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner,* 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

*Id*. at 605-06.

The Sixth Circuit most recently articulated this modified standard as follows:

> A plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Trozzi v. Lake Cty.,* 29 F.4th 745, 757 (6th Cir. 2022).

Even assuming for purposes of this initial review that Plaintiff's scabies infection could be a serious medical need[1], Plaintiff has not alleged that the need to remove the scabies cream

---

[1] *See Meyers v. Stranaly*, No. 2:21-CV-198, 2022 WL 247832, at *3 (W.D. Mich. Jan. 27, 2022) ("Scabies certainly has the potential to present a serious medical need, but merely stating that one is suffering a scabies infestation does not, without more, suffice.") (citing *Green v. Tennessee*, No. 20-6396, 2021 WL 6197327, at *2 (6th Cir. Sept. 8, 2021)).

within 14 hours was a serious medical need. Indeed, he alleges no ill effects from having the cream on his skin for approximately one and one-half hours longer than instructed by "Medical." The Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### *D. Fourteenth Amendment equal-protection claims*

Plaintiff alleges that Defendants Joiner and Guill violated his Fourteenth Amendment right to equal protection by not allowing him to shower at the appropriate time. He alleges that Defendants Burd and Guill violated his Fourteenth Amendment right to equal protection for removing him from the trustee position. He also alleges that "due to the manner in which I was addressed and slandered," Defendants Sherm and Guill violated his Fourteenth Amendment right to equal protection.

The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681-82 (6th Cir. 2011). The threshold element of an equal-protection claim is disparate treatment. *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). An "equal protection" plaintiff must be similarly situated to his comparators "in all relevant aspects[.]" *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992); *see also Umani v. Mich. Dep't of Corr.*, 432 F. App'x 453, 460 (6th Cir. 2011) (holding that to be a similarly-situated person, "the comparative [prisoner] must have dealt with the same [decisionmaker], have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or [the defendant's] treatment of them for it.") (internal quotation marks and citation omitted).

Plaintiff makes no allegations about any comparators. In light of the above jurisprudence, his allegations of equal-protection violations are too conclusory to state a claim. See *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

To the extent that Plaintiff may seek to allege a class-of-one equal-protection claim, such a claim would also be subject to dismissal. In *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 605 (2008), the Supreme Court held that a class-of-one claim was a "poor fit in the public employment context," and that "[t]o treat employees differently is not to classify them in a way that raises equal protection concerns. Rather it is simply to exercise the broad discretion that typically characterizes the employer employee relationship." Several courts have extended the reasoning in *Engquist* to the prison context. For example, in *Dawson v. Norwood*, the district court considered whether a prisoner who alleged that he was punished with a longer placement in segregation than the other prisoners who were involved in the same altercation had stated an equal-protection claim. No. 1:06-cv-914, 2010 WL 2232355, at *2 (E.D. Mich. June 1, 2010). The *Dawson* court concluded that this allegation failed to state a claim upon which relief may be granted because courts consistently reject "class-of-one theories in the context of prison officials making discretionary decisions concerning inmates." *Id*. (collecting cases); *see also Howard v. Koeller*, 756 F. App'x 601, 604 (7th Cir. 2018) (affirming lower court holding that "class of one" equal-protection claim based on a prison disciplinary infraction failed because it challenged discretionary decision making).[2] Thus, interpreting Plaintiff's equal-protection claim as one brought under the class-of-one theory would not avail Plaintiff.

---

[2] In the context of his equal-protection claim, the complaint refers to Defendant Burd terminating him from the trustee position "through Reprisal/Retaliation of the Grievance" Plaintiff filed on Defendant Sherm for his manner of addressing Plaintiff. Even if Plaintiff were attempting to raise a separate retaliation claim, it would fail because he alleges no connection or even that Defendant Burd knew of the grievance about Defendant Sherm's manner of addressing Plaintiff. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (setting forth the elements of a First Amendment retaliation claim: (1) Plaintiff was engaged in constitutionally protected conduct, (2) Plaintiff

7

*E. Claim related to slander and the manner in which Plaintiff was addressed*

Plaintiff alleges that "due to the manner in which I was addressed and slandered," Defendants Sherm and Guill violated his Eighth Amendment right to be free from cruel and unusual punishment.

However, there is no constitutional right to be free from verbal abuse and slander. *See Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 779 (6th Cir. 2012) ("accusations of 'verbal abuse'. . . cannot create an actionable Eighth Amendment claim"); *Taylor v. Dickerson*, No. 2:15-cv-2791-JDT-cgc, 2016 WL 4384804, at *7 (W.D. Tenn. Aug. 16, 2016) (holding that allegations that prison official employed "taunting and racial slurs" do not state a claim); *see also Marshall v. Richardson*, No. 1:19-CV-45, 2019 WL 478501, at *3 (W.D. Mich. Feb. 7, 2019) (recognizing that slander is not cognizable under § 1983). Therefore, Plaintiff fails to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order of dismissal.

Date: August 18, 2022

*[Signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Christian County Attorney
4413.009

---

suffered adverse action which would deter a person of "ordinary firmness" from continuing to engage in such protected conduct, and (3) there exists a causal connection between the protected conduct and the adverse action - in other words, the adverse action was motivated at least in part by Plaintiff's protected conduct).